# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

SHAUN PAUL PORTER,

        Plaintiff,

 v.

               9:11-CV-848 (GTS/ATB)

E. YOUNG,

        Defendant.

SHAUN PAUL PORTER, Plaintiff, pro se
COLLEEN D. GALLIGAN, Ass't Att'y Gen., for the Defendant

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

  This matter has been referred to me by U.S. District Judge Glenn T. Suddaby for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).  Plaintiff, an inmate of the Department of Corrections and Community Supervision ("DOCCS"), commenced this civil rights action in July 2011, asserting claims based on defendant's alleged violation of the Eighth Amendment. (Dkt. No. 1).  Defendant filed this motion for summary judgment on August 12, 2012. (Dkt. No. 45).  After being granted an extension of time, plaintiff filed a response on January 24, 2013.  (Dkt. No. 50).  For the reasons set forth below, this court recommends that defendants' motion for summary judgment be granted and plaintiff's complaint be dismissed in its entirety.

## DISCUSSION

**I.**  <u>**Summary Judgment**</u>

  Summary judgment is appropriate where there exists no genuine issue of

material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272.

## II. Background

On February 6, 2011, plaintiff alleges that he was asked by defendant Young to clean the fans in his dorm. (Compl. at ¶ 4). Plaintiff claims he stated that the fans

2

were too high to reach, and defendant Young told him to get a chair "with such emphasise [sic] which clearly let [plaintiff] know that [defendant Young] wasn't willing to discuss anything any further." (*Id.*). Although he was concerned that it would be unsafe to use a chair to reach the fan, he did not mention this concern to defendant Young because plaintiff feared that he would be given a disciplinary ticket for failure to obey a direct order. (*Id.*). Plaintiff alleges that while he was attempting to clean the fan, he had spray bottle in one hand and a rag in the other hand. (*Id.*). Plaintiff lost his balance, and fell backward, striking his back on a brick partition. (*Id.*). Plantiff momentarily lost consciousness, and when he awakened, a male correction officer directed plaintiff not to move and informed him that medics were on the way. (*Id.*). Plaintiff alleges that defendant Young violated the Eighth Amendment by failing to protect him from an unreasonable risk of harm. (Compl. at ¶ 5).

### III. Eighth Amendment

#### A. Applicable Law

The constitutional prohibition against cruel and unusual punishment includes the right to be free from conditions of confinement that impose an excessive risk to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Prison officials "must 'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)). To establish an Eighth Amendment claim based on unsafe or medically inappropriate living conditions, a plaintiff must establish that (1) he was incarcerated under conditions which posed a

substantial risk of serious harm, and (2) prison officials acted with deliberate indifference to his health or safety. *See Farmer*, 511 U.S. at 834.

"The deliberate indifference standard embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). Under the objective standard, a plaintiff must allege a deprivation "sufficiently serious" to constitute a constitutional violation. *Hathaway*, 37 F.3d at 66 (quoting *Wilson v. Seiter*, 501 U.S. at 298). A defendant must have known of a substantial risk to inmate safety that he or she could have easily prevented but did not. *Hall v. Bennett*, 379 F.3d 462, 464 (7th Cir. 2004).

The subjective element of the Eighth Amendment analysis focuses on whether the defendant official acted with "a sufficiently culpable state of mind." *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (citing *Wilson v. Seiter*, 501 U.S. at 300). "Deliberate indifference" requires more than negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer*, 511 U.S. at 835. In order for a prison official to act with deliberate indifference, he must know of and disregard an excessive risk to an inmate's health or safety. *Hathaway*, 37 F.3d at 66. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id*.

The subjective prong of the deliberate indifference test is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Carlson v. Parry*, No. 06-CV-6621, 2012 U.S. Dist. LEXIS

4

44292, at *20–21, 2012 WL 1067866 (W.D.N.Y. March 29, 2012) (collecting cases). "A risk can be so obvious that a jury may reasonably infer actual knowledge on the part of the defendant[] sufficient to satisfy the subjective component of the deliberate-indifference standard. *Id.* (citing *Farmer*, 511 U.S. at 842; *Proffitt v. Ridgeway*, 279 F.3d 503, 506 (7th Cir. 2002); *Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997)). Common sense is relevant to deciding the obviousness of the risk. *See Hall v. Bennett*, 379 F.3d at 465 (citing *Fruit v. Norris*, 905 F.2d 1147, 1150–51 (8th Cir. 1990)).

A plaintiff is not required to show that a defendant acted or failed to act "for the very purpose of causing harm or with knowledge that harm will result," but must show that the official was aware of facts from which one could infer that "a substantial risk of serious harm" exists, and that the official drew that inference. *Id*. at 835, 837. The defendant must be subjectively aware that his or her conduct creates the risk; however, the defendant may introduce proof that he or she knew the underlying facts, but believed that the risk to which the facts gave rise was "insubstantial or non-existent." *Farmer v. Brennan*, 511 U.S. at 844. Thus, the court stated in *Salahuddin* that the defendant's belief that his conduct posed no risk of serious harm "need not be sound so long as it is sincere," and "even if objectively unreasonable, a defendant's mental state may be nonculpable." *Salahuddin*, 467 F.3d at 281.

A plaintiff fails to state a valid Eighth Amendment claim when he does not allege that defendant was personally aware of a dangerous condition or that defendant was deliberately indifferent to the alleged conditions. *Spencer v. Sylvester*, No. 97-

5

CV-5491, 1999 U.S. Dist. LEXIS 1098, at *8–9, 1999 WL 61644 (E.D.N.Y. Feb 2, 1999) (Eighth Amendment claim was dismissed when plaintiff did not allege defendant was personally aware of slippery conditions on stairs or that the defendant was deliberately indifferent to the conditions). A plaintiff states a claim where he alleges that he informed the defendant of a dangerous condition and the defendant ordered plaintiff to ignore it. *See Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) (inmate who fell off a ladder during a work assignment stated an Eighth Amendment claim when a defendant correction officer ordered plaintiff to continue working on the latter after being informed that the ladder was unsafe); *see also Baumann v. Walsh*, 36 F. Supp. 2d 508, 513–15 (N.D.N.Y. 1999) (differing accounts as to whether defendant had notice of an unsafe work condition and whether a ladder was available for plaintiff to use created genuine issues of fact that defeated defendants' motion for summary judgment).

**B.     Analysis**

The facts of this case are similar to those in *Spencer v. Sylvester*, because plaintiff admits that he did not inform defendant of any safety concerns about using the chair to clean the fan after he complained that the fan was too high. This case is distinguishable from *Gill v. Mooney*, where the officer "ordered [the inmate] to continue working after [the inmate] had informed [the officer] that the ladder was unsafe."[1] *Gill v. Mooney*, 824 F. 2d at 195. In this case, even assuming that defendant

---

[1] This case is also distinguishable because the decision in *Gill* was made on a motion to dismiss for failure to state a claim, and this is a motion for summary judgment.

told plaintiff to get a chair in order to clean the fan,[2] there is no indication that defendant was aware of an unsafe condition involving the chair, and plaintiff did not inform her of one.

This case is also distinguishable from *Baumann v. Walsh*, where the district court found that being made to "climb along shelves and stand on boxes to retrieve material from the top shelves of the storage room" constituted "inherently unsafe and dangerous" working conditions. *See* 36 F. Supp. 2d at 513–14. The district court also found that an issue of fact existed due to the differing accounts of whether the defendant correction officer knew of the unsafe condition and whether a ladder was available for the inmate plaintiff's use, and thus denied defendants' motion for summary judgment as to the inmate's Eighth Amendment claims against the officer who was allegedly aware of the unsafe conditions. *Id.* at 514–15.

Here, plaintiff seems to argue that because there is "no wrong or right way to stand on a chair," and because "a chair is made and meant for sitting," using a chair to reach the fan was inherently dangerous. (Pl.'s Resp. 5). Plaintiff also argues that defendant Smith "knew that a risk of serious harm existed when she directed the other workers to use a broom to clean the fans" and her "culpable intent existed when she gave the plaintiff a[n] order to use a chair knowing that a serious risk of injury is

---

[2] Defendant Young has filed an affidavit stating that she did not tell plaintiff to get a chair, and, in fact, did not tell him how the fan should be cleaned. (Young Decl. ¶¶ 8–9; Dkt. No. 45-7). Defendant Young explains that inmates are not told to stand on anything, and that she would not have allowed him to stand on a chair. (*Id.* at ¶¶ 22, 24).

probable by anyone using a chair for uses other than what they were made for [sic]."[3]
(Pl.'s Resp. 9). This court does not agree. Standing on a chair that is made to support human weight is not so different than standing on a stool or ladder, as to render it inherently dangerous.[4] Resolving any inferences in plaintiff's favor, even if defendant did order plaintiff to get a chair to clean the fan, no reasonable juror would find that defendant was deliberately indifferent to unsafe working conditions in violation of the Eighth Amendment.[5] Accordingly, defendant should be granted summary judgment and plaintiff's case should be dismissed.

## IV. Qualified Immunity

Defendant asserts that she is entitled to qualified immunity in connection with plaintiff's claims. In determining whether qualified immunity applies, the court may first consider whether "the facts alleged show the [defendant's] conduct violated a

---

[3] The court notes that plaintiff argues that defendant's "order" to use a chair placed him under "duress," and he was also "under duress," when he was trained. (Pl.'s Resp. 12). Plaintiff alleges that he was "not trained or instructed in the safe and proper use of . . . safety[sic], latter, power/hand tools, floor stripping procedures, chemical[s], lifting, carrying, standard floor buffing machine, tripping, [and] slip hazard[s]." *Id.* However, prior to incarceration, plaintiff's profession was roofing. Pl.'s Dep. 9. Plaintiff alleges that he "never actually climbed on a roof," and was actually a "laborer," but this line of work would have exposed him to the use of ladders and other construction equipment. (Pl.'s Dep. 62).

[4] *Compare Ambrose v. Young*, 474 F.3d 1070, 1078 (8th Cir. 2007) (concluding that prison officials' instruction to stomp out a fire burning near a dangling live power line constituted deliberate indifference to a known and substantial risk).

[5] *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) ("While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' . . . and thus whether there are any "genuine" issues of material fact, without making some assessment of the plaintiff's account." (citation omitted).

constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001), modified by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that, "while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory" in all cases). "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201. This court need not address qualified immunity with respect to plaintiff's cause of action because, as discussed above, plaintiff has not established any violation of his constitutional rights.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for summary judgment (Dkt. No. 45) be **GRANTED**, and plaintiff's complaint be **DISMISSED IN ITS ENTIRETY**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: June 19, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge

9