UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAUN PAUL PORTER,

       Plaintiff,
                    9:11-CV-0848
v.                           (GTS/ATB)

E. YOUNG, Corr. Officer, Oneida Corr. Facility,

       Defendant.
_____

APPEARANCES:                  OF COUNSEL:

SHAUN PAUL PORTER
 Plaintiff, *Pro Se*
63 Bearhevan Drive
Amherst, New York 14228

HON. ERIC T. SCHNEIDERMAN          COLLEEN D. GALLIGAN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
 Counsel for Defendant
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

   Currently before the Court, in this *pro se* prisoner civil rights action filed by Shaun Paul Porter ("Plaintiff") against Correctional Officer E. Young ("Defendant"), are Defendant's motion for summary judgment, and United States Magistrate Judge Andrew T. Baxter's Report-Recommendation recommending that Defendant's motion be granted. (Dkt. Nos. 45, 54.) Neither party filed an objection to the Report-Recommendation and the time in which to do so has expired. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Defendant's motion is granted, and Plaintiff's Complaint is dismissed.

I.  **RELEVANT BACKGROUND**

Generally, in his Complaint, Plaintiff claims that, while he was incarcerated at Oneida County Correctional Facility in February of 2011 in Rome, New York, Defendant deliberately subjected him to unsafe working conditions, in violation of the Eighth Amendment. (Dkt. No. 1) More specifically, Plaintiff alleges that (1) Defendant ordered him to clean an elevated wall-mounted fan in his dormitory, (2) Plaintiff complained that the fan was too high to reach, (3) Defendant directed him to stand on a chair, (4) Plaintiff complied with the directive out of fear that he would be given a disciplinary ticket for failing to obey a direct order if he did not comply, and (5) the chair caused Plaintiff to fall and injure his back. (*Id.*)

Generally, in its motion for summary judgment, Defendant asserts the following two arguments: (1) based on the current record, Plaintiff has failed to establish an Eighth Amendment unsafe-working-conditions claim because, even assuming that Defendant ordered Plaintiff to use a chair, no evidence exists that the chair was defective or broken, or that Plaintiff ever expressed to Defendant any concern that his use of the chair would be dangerous; and (2) in any event, based on the current record, Defendant is protected from liability as a matter of law by the doctrine of qualified immunity. (Dkt. No. 45, at Points I-II.) For a more detailed recitation of Defendant's argument, the Court refers the reader to Defendant's motion in its entirety. (*Id.*)

Generally, in his Report-Recommendation, Magistrate Judge Baxter recommends that Defendant's motion be granted, and that Plaintiff's Complaint be dismissed, because (1) there was nothing about standing on the chair to clean the fan that constituted an inherently unsafe and dangerous working condition, (2) in any event, there is no evidence establishing that Defendant was aware of any such unsafe working condition, and (3) for example, Plaintiff admits that he failed to express any concern about using the chair after he complained that the fan was too high. (Dkt. No. 54.)

Familiarity with the claims and allegations asserted in Plaintiff's Complaint, the arguments asserted in Defendant's motion, and the findings and conclusions stated in Magistrate Judge Baxter's Report-Recommendation, are assumed in this Decision and Order, which is intended primarily for the review of the parties.

## II. APPLICABLE LEGAL STANDARDS

### A. Standard Governing Review of a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v.*

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

*Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id*.[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing a Motion for Summary Judgment

Magistrate Judge Baxter correctly recited the legal standard governing a motion for summary judgment. (Dkt. No. 54, at Part I.) As a result, this standard is incorporated by reference in this Decision and Order.

### III. ANALYSIS

Because neither party submitted an objection to the Report-Recommendation, the Court reviews the Report-Recommendation only for clear error, as described above in Part II.A of this Decision and Order. After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Baxter employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 54.) As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (*Id*.) The Court would only add the following three points.

First, the Court concludes that the record does not establish a substantial risk of serious harm for the following five reasons (in addition to the reasons stated by Magistrate Judge Baxter): (1) no defect has been established, or even identified, in the chair in question (*see generally* Dkt. Nos. 1, 45, 50); (2) it appears uncontroverted that the seat of chairs in the dormitory were only 18 inches above the floor (Dkt. No. 45, Attach. 3, at 4); (3) no need was

---

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

5

established, or even identified, for Plaintiff to hold an item in each hand each time he stepped onto chair (*see generally* Dkt. Nos. 1, 45, 50); (4) in any event, it appears uncontroverted that another inmate was available at the time to hold the chair, should Plaintiff have asked him (Dkt. No. 45, Attach. 3, at 24; Dkt. No. 45, Attach. 3, at 27; *cf.* Dkt. No. 45, Attach. 4, at 26); and (5) it appears uncontroverted that no significant long-term injury resulted from the short fall (*see generally* Dkt. No. 45, Attach. 3, at 29, 34-35; Dkt. No. 46; Dkt. No. 50, at 59-66; Dkt. No. 45, Attach. 4, at 55-56, 58).

Second, the Court concludes that the record does not establish a deliberate indifference to Plaintiff's health or safety for five reasons (in addition to the reasons stated by Magistrate Judge Baxter): (1) again, it appears uncontroverted that the seat of chairs in the dormitory were only 18 inches above the floor (Dkt. No. 45, Attach. 3, at 4, 7); (2) the record does not appear to contain any evidence that, before the accident, Defendnat was aware of another inmate having fallen while standing on a dormitory chair (*see generally* Dkt. Nos. 45, 50); (3) Plaintiff does not explain how informing Defendant that he feared he would lose his balance on a chair, and requesting either a ladder or assistance holding that chair, would have constituted an "argument" sufficient for him be charged with a refusal to obey a direct order under Inmate Rule 106.10, 7 N.Y. C.R.R. § 270.2(B)(7)(i) (*see generally* Dkt. No. 50); (4) it appears uncontroverted that Defendant did not tell Plaintiff to stand on a chair with something in both hands (thus preventing him from using a free hand to stead himself should he lose his balance) and/or without a fellow inmate holding the chair;[6] and (5) negligence is not a sufficiently blameworthy mental state to

---

[6] Indeed, uncontroverted evidence exists that Defendant told Plaintiff to help Inmate McMillan (09-A-2913) to clean the fans. (Dkt. No. 45, Attach. 3, at 24; Dkt. No. 45, Attach. 3, at 27; *cf.* Dkt. No. 45, Attach. 4, at 26.)

warrant the imposition of liability under 42 U.S.C. § 1983.[7]

Third, while Magistrate Judge Baxter does not rely on the defense of qualified immunity as an alternative ground for his recommendation, the Court relies on that defense as an alternative ground for granting Defendant's motion, for the reasons stated above, as well as the reasons stated in Defendant's memorandum of law. (Dkt. No. 45, Attach. 8, at 9 [Def.'s Memo. of Law].) The Court would add only that (1) it knows of no Supreme Court or Second Circuit decisions recognizing the asserted right (i.e., to be free from being made to stand on a low chair to clean something on a wall), and (2) a reasonable defendant would not have understood from the existing law that telling Plaintiff to use a chair was unlawful. *See Thigpen v. N.Y.S. Dept. of Corr. Servs.*, 10-CV-0832, 2010 WL 3895621, at *6-7 (S.D.N.Y. Oct. 5, 2010) (granting defendants' motion to dismiss prisoner's Eighth Amendment dangerous-prison-conditions claim, arising from insulation material that had fallen on his head from a pipe, based on alternative ground of qualified immunity, because "a reasonable defendant would not have understood from existing decisional law that the improper taping of the pipe insulation as described in the complaint constituted an Eighth Amendment violation").

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 54) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 45) is **GRANTED** in its entirety; and it is further

---

[7] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."), *accord, Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003); *Brock v. Wright*, 315 F.3d 158, 164 (2d Cir.2003) ("[N]egligence is not deliberate indifference.").

7

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u>** in its entirety.

Dated: August 13, 2013
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge